## HUGH GARRITY

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

ASSAULT WITH INTENT TO ROB—*the proof must indicate the intent.* On an indictment for an assault with intent to commit a robbery, proof of a wanton assault, without any facts from which an intent to rob can be inferred, will not sustain a conviction.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. JOHN LYLE KING, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff in error and Charles Weed were indicted for an assault upon Benjamin G. Buchanan with intent to commit robbery. At a subsequent term of the court Garrity was

separately tried, and the jury found him guilty, and fixed the time he should serve in the penitentiary at the period of six years. The court overruled the motion for a new trial, and pronounced judgment on the verdict, and that decision is assigned for error.

After a careful consideration, we are of opinion, all the members of the court concurring, that the evidence fails to sustain the verdict. There is no direct testimony, and it seems to us the record is singularly barren of evidence of facts and circumstances from which it could fairly be inferred the party accused intended to commit a crime of the character charged in the indictment. There is no doubt he was guilty of an assault, but not with an intent to commit the crime alleged. It was simply an assault characterized, perhaps, by a high degree of wantonness, for which the parties accused ought to have been punished. But the time, place and facts of the transaction, as given in evidence by the several witnesses, all repel the idea there was any intention whatever to commit a robbery on the person of Buchanan. He states it was a little before nine o'clock in the evening, while the street lights were still burning, the gas burning in the adjoining stores, and persons passing so near that some of them heard the conversation between the parties. There is no evidence that indicates any purpose on the part of either of the assailants to dispossess the prosecuting witness of anything he had on his person. Indeed, the facts, and the acts of the parties, are inconsistent with such a theory. There was certainly no prospect of securing any great reward, such as would induce the attempt to commit so bold a crime by violence, in a public street, where persons were constantly passing at that early hour of the evening.

At the time of the assault, Buchanan had in his arms some "kindling wood," and in his pocket a "shoestring, an old knife, and some change." He distinctly states that neither the plaintiff in error nor Weed attempted to take anything from his person. He met the accused a short distance from

the store which he had just left, carrying an overcoat on his arm, which he threw in the face of the prosecuting witness as he passed, and, on being asked why he did it, Weed, who was only a few steps behind, came up, and a fight ensued, in which Garrity took no part, except to encourage Weed to continue the fight. The attack was wholly unprovoked and wanton, but it partakes in no degree of the nature of an assault with intent to commit robbery. There are no facts or circumstances proven that indicate, or from which such a purpose can be inferred.

The jury clearly misjudged as to the weight and effect of the evidence, and it was error in the court to refuse to award a new trial.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*